UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
COURT FILE NO.: CV - _____

| | |
|---|---|
| LESLIE B. CARDEN<br>        Plaintiff<br><br>v.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4, WILMINGTON TRUST COMPANY, TRANSWORLD SYSTEMS, INC. f/k/a NCO FINANCIAL SYSTEMS, INC. and ABRAHAMSEN RATCHFORD, P.C f/k/a EDWIN A. ABRAHAMSEN & ASSOCIATES, INC.<br>        Defendants | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found there is abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress drafted the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (hereinafter "FDCPA"), with the goal to eliminate abusive collection practices utilized by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 et. seq. (FCEUA).

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here in Pennsylvania.

## PARTIES

5. Plaintiff, Leslie B. Carden is a natural person who resides in Lehigh County, Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant, National Collegiate Student Loan Trust 2006-4 (hereinafter referred to as "NCSLT") is a statutory trust holding pooled private student loans for the benefit of investors in the trust. NCSLT listed its address on civil action complaints as c/o NCO Financial Systems, Inc., 5100 Peachtree Industrial Boulevard., Norcross Georgia 30071.

7. Defendant, Wilmington Trust Company (hereinafter referred to as "Wilmington") is a Delaware corporation with a business address of Rodney Square North, 110 N. Market Street, Wilmington Delaware 19890 and its registered agent is listed as Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. Wilmington is the trustee for NCSLT.

8. Defendant, Transword Systems, Inc. f/k/a Nco Financial Systems, Inc. (hereinafter referred to as "NCO"), is a Pennsylvania corporation with an office located at 507 Prudential Road, Horsham, Pennsylvania 19044 and conducts business and/or attempts to collect delinquent consumer debts. At all relevant times herein, NCO alleges to be the custodian of records and/or servicer for NCSLT, acted as an agent for NCSLT and is designated at the address

for all NCSLT lawsuits. At all times relevant herein, NCO was attempting to collect delinquent consumer debts.

9. Abrahamsen Ratchford, P.C. f/k/a Edwin A. Abrahamsen & Associates, P.C. (hereinafter referred to as "Abrahamsen") is a Pennsylvania professional corporation with its corporate office located at 409 Lackawanna Avenue, Suite 3C, Scranton, Pennsylvania 18503. AR is a law firm engaged in the practice of collecting delinquent consumer debts. At all times relevant herein, Abrahamsen was utilized by MCSLT and/or NCO to initiate lawsuits and act as agent for NCSLT and/or NCO in effectuating attempts to collect delinquent consumer debts.

10. At all times relevant to this Complaint, all of the above named Defendants transacted business in the Middle District of Pennsylvania and at other locations throughout the United States operating as "creditor[s]" and as "debt collector[s]" as that term is defined by the FDCPA, FCEUA and UTPCPL and, at all times relevant herein, acted by and through their owners, managers, members, officers, trustees, shareholders, authorized representatives, partners, employees, agents, affiliates and attorneys.

11. NCSLT, Wilmington and/or NCO employed, hired, retained and directed Abrahamsen's debt collection activities and as a result, are liable for the actions of Abrahamsen for violating the FDCPA, FCEUA and/or UTPCL.

## FACTUAL ALLEGATIONS

12. On or around February 12, 2015, Defendants NCSLT, Wilmington and/or NCO by and through their counsel, Abrahamsen, filed a Civil Complaint against the Plaintiff in Lehigh County Court of Common Pleas. A true and correct copy of the Civil Complaint is attached hereto and incorporated herein as Exhibit "A."

13. Defendants' Civil Complaint alleged that Plaintiff executed a promissory note for the payment of tuition. In support of their claims, Defendants attach a "Loan Request/Credit Agreement-Signature Page" dated August 31, 2006 and Note Disclosure statement dated September 12, 2016.

14. The Note Disclosure Statement provides an Annual Percentage Rate of 13.797% a Finance Charge of $108,967.20; an Amount Financed of $30,000.00; and Total Payments of $138,967.20.

15. The Note Disclosure Statement further provides the Number of Payments 240 amount of $579.03 and payment due date "on the 27th day of each month beginning 1/2010.

16. The Lehigh County complaint further asserts that the account was transferred and assigned by the original lender to the Plaintiff. As an exhibit to the complaint Defendants attach a Pool Supplement and Deposit Sales Agreement" alleging that the document demonstrates the chain of title for the account, but said document in no way identities the Specific accounts that it allegedly purchased, by borrower name, account number or any other unique identifier.

17. Defendants Lehigh County Civil Action Complaint further provides, "The Defendant failed to make the required payments when due."

18. The complaint also sought a balance of $60,001.21 from the Plaintiff.

19. Michael F. Ratchford, Esquire, managing attorney for Abrahamsen verified the Civil Complaint by signing the same. Mr. Ratchford's verification of the facts were made subject to penalties of Section 4904 of the Crimes Code (18 PA C.S. § 4904) related to unsworn falsification to authorities.

20. The financial obligation, which Defendants alleged Plaintiff incurred within its lawsuit was a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by the FDCPA, FCEUA and/or UTPCPL.

21. The debt was an Education One Undergraduate Loan with a repayment option of "Full Deferral."

22. According to the terms and conditions of provided as an attachment to the Lehigh County lawsuit, the "Deferment End Date will be 180 days after the date the student borrower graduates or ceases for any other reason to be enrolled at least half-time in the School (or another school participating in this Loan Program), but no more than 4 1/2 years after the Disbursement Date…"

23. The disbursement date for the proceeds was September 12, 2006.

24. Plaintiff, Leslie B. Carden was never the Student under the loan obligation, but merely a cosigner for her Son Ryan D. Carden.

25. Ryan D. Carden attended the International Academy of Design & Technology in Tampa from June 2006 - May 2007.

26. The loan was serviced by AES/NCT until July 2010 when it was transferred for collections.

27. No payment has been made on the account by either the student, Ryan D. Carden or the co-signor, Leslie B. Carden for more than 4 years prior to Defendants initiating the Lehigh County Civil Action against Plaintiff.

28. Pennsylvania Statute of Limitations required the Defendants to initiate action against Mr. Carden within 4 years of default. *42 PaCSA 5524(a)(7).*

29. The obligation Defendants sought in their Civil Action complaint was beyond the applicable statute of limitations.

30. As a result of Defendants suit, Plaintiff was forced to retain legal counsel to defend her legal rights.

31. Plaintiff filed a timely response to the Lehigh County Civil Action complaint and asserted multiple affirmative Defenses including a statute of limitations defense asserting that any claims asserted accrued more than four years prior to Defendants initiation of the lawsuit.

32. Despite knowledge that the cause of action was barred by the applicable statute of limitations, Defendants continued litigation.

33. Defendants unreasonably and unnecessarily caused Plaintiff to incur substantial legal fees to litigate a claim that Defendants knew or should have known was time barred.

34. Defendants' attempts to collect the alleged debt through civil litigation violated multiple and numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f and 1692f(1) amongst others.

35. Defendants have an affirmative duty to follow reasonable procedures, including those that would prevent Defendant's agents/employees from filing civil actions against consumers that are known or should be known to be barred by the applicable statute of limitations.

36. Defendants have an affirmative duty to follow reasonable procedures, including refraining from initiating litigation that Defendant's agents/employees know or should know is barred by the applicable statute of limitations.

37. Defendants have a duty of candor to the Court.

38. Asa result of Defendants violations of the Fair Debt Collections Practices Act and initiation of litigation on a time barred debt, Leslie B. Carden has incurred actual out of pocket expenses to defend against Defendants' claims.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq.

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f and 1692f(1) amongst others.

41. As a result of Defendants' violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and actual damages, and is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### COUNT II.

### VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA)

### 73 P.S. § 2270.1 et. seq.

### AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER

### PROTECTION LAW (UTPCPL)

### 73 P.S. § 201-1 et. seq.

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. Defendants are "debt collectors" as defined by 73 P.S. § 2270.3 of the FCUEA.

44. Plaintiff is a "consumer" as defined by 73 P.S. § 2270.3 of the FCUEA.

45. All of the above contacts by the Defendants were "communications" relating to a debt as defined by 73 P.S. §§ 2270.3 of the FCUEA.

46. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FCEUA and UTPCPL, including but not limited to 73 P.S. § 2270.4(a), as evidenced by the following conduct:

    (a) The use of any conduct the natural consequence of which is to harass, oppress or abuse any person;

    (b) The false representation of the character, amount, or legal status of the alleged debt;

    (c) The threat to take any action that cannot legally be taken or that is not intended to be taken;

    (d) The use of any false representation or deceptive means to collect a debt;

    (e) The use of unfair or unconscionable means to collect or attempt to collect an alleged debt;

    (f) An attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.

47. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law with the purpose of coercing Plaintiff to pay the debt.

48. As a result of the of the above violations of the FCUEA and UTPCPL, Plaintiff has suffered ascertainable losses entitling him to an award of statutory, actual and treble damages and attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §1692 et seq.

- For an order declaring that the Defendants' actions as described above are in violation of the FDCPA;

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant.

## COUNT II.

## VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA)

## 73 P.S. § 2270.1 et. seq.

## AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER

## PROTECTION LAW (UTPCPL)

## 73 P.S. § 201-1 et. seq.

- For an order declaring that the Defendants' actions as described above are in violation of the FCEUA and the UTPCPL;

- for an order be entered enjoining the Defendants from continuing to communicate with Plaintiff in violation of the FCEUA and the UTPCPL;

- for an award of actual damages pursuant to 73 P.S.§ 201-9.2(a) against each Defendant;

- for an award of statutory damages pursuant to 73 P.S.§ 201-9.2(a) against each Defendant;

- for an award of treble damages pursuant 73 P.S.§ 201-9.2(a) against each Defendant; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 73 P.S.§ 201-9.2(a).

## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

Respectfully submitted,

Dated: 2/10/16     **RAPA LAW OFFICE, P.C.**

By: _s/Jason M. Rapa_
Jason M. Rapa, Esquire
PA Attorney I.D. No. 89419
Matthew J. Rapa, Esquire
PA Attorney I.D. No. 208946
141 S. 1st Street
Lehighton, PA 18235
Telephone (610) 377-7730

Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Leslie B. Carden, depose and say as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. I have provided my attorneys with true and correct copies of each and every exhibit, which has been attached to this Complaint.
7. I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: 2/9/16

Leslie B. Carden